TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-00-00273-CV

In re Hollis Lewis, Relator

ORIGINAL PROCEEDING FROM MILAM COUNTY

PER CURIAM

 Relator Hollis Lewis complains of discovery orders signed on April 20, 2000 by 
the district court in four criminal cases: State v. Patrick Boxley, 20,129-CR; State v. Kerry Pope,
20,143-CR; State v. Decrick Westbrook, 20,144-CR; and State v. Jessie Ray Westbrook, 20,145-CR. By paragraph 12a of their motions for discovery, the defendants asked the district court to
require the State to provide the defense with copies of "[a]ll written statements taken from any
witness or witnesses in the investigation of this case." The district court's orders grant in full the
defendants' motions for discovery in their respective cases. Lewis contends that, by granting the
relief requested in paragraph 12a, these orders violate the statute providing as follows:

 Upon motion of the defendant showing good cause therefor and upon notice to the
other parties, the court in which an action is pending may order the State before
or during trial of a criminal action therein pending or on trial to produce and
permit the inspection and copying or photographing by or on behalf of the
defendant of any designated documents, papers, written statement of the defendant,
(except written statements of witnesses and except the work product of counsel in
the case and their investigators and their notes or report) . . . .

Tex. Code Crim. Proc. Ann. art. 39.14 (West Supp. 2000). Lewis requests that we declare the
April 20 discovery orders void and direct the district court to rescind them. He also requested
temporary relief from compliance with these orders.

 On May 1, 2000, we granted the motion for temporary relief as to paragraph 12a
of the motion, pending our review of the merits. We gave the respondent and the real parties in
interest until May 15, 2000 to respond. Thus far, they have filed no response.

 We conclude that the temporary relief should become permanent. The district court
abused its discretion by ordering the State to produce documents that the statute expressly excepts
from the list of documents that courts can order the State to produce during discovery. There is
no means by appeal to adequately remedy this forced production of undiscoverable documents. 
We conditionally grant the writ of mandamus to require the district court to rescind its order
granting the relief requested in paragraph 12a of the real parties' motion. The writ will issue only
if the district court fails to rescind the order in that respect. The temporary relief will expire
when the district court rescinds the relevant portion of the order. The petition is denied in all
other respects.

Before Chief Justice Aboussie, Justices Kidd and Smith

Writ Conditionally Granted in Part and Denied in Part

Filed: May 31, 2000

Do Not Publish